Mark L. Javitch (California SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

*Attorney for Plaintiff*
And those similarly situated

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| ERIK SALAIZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FREEDOM DEBT RELIEF, LLC, a Delaware limited liability company,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.: 25-cv-00396<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ERIK SALAIZ, individually and on behalf of all others similarly situated, brings this Class Action Complaint against FREEDOM DEBT RELIEF, LLC ("Defendant") to stop its illegal practice of sending telemarketing text messages and to obtain redress for all persons injured by their conduct.

## NATURE OF THE ACTION

1. Defendant FREEDOM DEBT RELIEF, LLC is a debt resolution company. As a part of their marketing, Defendant sent thousands of text messages using a banned automatic telephone dialing system.

2. Defendant did not obtain express written consent prior to placing these unsolicited text messages, and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3. Congress enacted the TCPA in 1991 in response to "a torrent of vociferous consumer complaints about intrusive robocalls."

4. The TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

5. By sending these automated text messages, Defendant violated the privacy and statutory rights of Plaintiff and the Class.

6. Plaintiff therefore seeks an injunction requiring Defendant to stop its unwanted texting, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

7. Plaintiff ERIK SALAIZ is a natural person residing in El Paso, Texas.

8. Defendant FREEDOM DEBT RELIEF, LLC ("Freedom") is a limited liability company organized and existing under the laws of Arizona.

9. Freedom's registered agent is The Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801

## JURISDICTION AND VENUE

10. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

11. This Court has specific personal jurisdiction over Defendant because Defendant caused the violating text message to be sent to Plaintiff in this District.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury substantially occurred in this District.

**COMMON FACTUAL ALLEGATIONS**

13. Defendant Freedom is a debt consolidation company.

14. As part of its marketing, Defendant sends text messages to thousands of consumers' phone numbers whose phone numbers were registered on the Federal Do Not Call registry..

15. Defendant sent an unsolicited text message to Plaintiff.

16. Defendant failed to obtain consent from recipients.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

17. On July 9, 2025, Plaintiff received a text message saying, "You're pre-approved under new FICO & rate guidelines!" Call (888) 982-6449.

18. Plaintiff received a second text showing a picture of cash and a loan application.

19. The texts culminated in Mr. Salaiz receiving a contract from Defendant.

20. Plaintiff did not give his prior express written consent to receive text messages.

21. The texts were not made to Plaintiff for emergency purposes.

22. Defendant has knowledge of and has adopted and maintained TCPA violations as a sales strategy.

23. Defendant is not registered pursuant to § 302.101 of the Texas Bus. & Com. Code to provide telephone solicitations. The https://direct.sos.state.tx.us/telephonesearch.asp site ("Texas Registration Database") does not contain any registration by Defendant.

24. Defendant does not qualify for an exemption under § 302.053.

25. Plaintiff was harmed by the text. Plaintiff was temporarily deprived of legitimate use of his phone, the text injured Plaintiff because it was frustrating, obnoxious, annoying, and a nuisance, and

depleted Plaintiff's cell phone battery, and used cellular data.

## CLASS ALLEGATIONS

26. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **TCPA Class**. All persons in the United States who: (1) from the last 4 years to the filing of the Complaint (2) Defendant sent text(s) to the person's phone number
>
> **Texas Subclass**. All persons in Texas who: (1) from the last 4 years to the filing of the Complaint (2) Defendant sent text(s) to the person's phone number

27. The following people are excluded from each Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

28. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent text messages to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

29. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited messages.

30. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained

competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

31. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

32. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

a. Whether the text messages were caused by Defendant;

b. Whether Defendant obtained written express consent prior to sending the text messages;

c. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendant's conduct.

33. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a

class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
## Violation of 47 U.S.C. § 227(c)
## Do Not Call Provision
## (On behalf of Plaintiff and the DNC Class)

34. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35. The telephone numbers of Plaintiff and the Class are registered on the Do Not Call Registry.

36. Defendant sent unsolicited text messages to Plaintiff's and the Class members' DNC-registered telephones without prior express written consent.

37. Defendant's actions constitute violations of 47 U.S.C. § 227(c) of the TCPA, by soliciting residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

38. Defendant's text messages were made for the purpose of selling Defendant's debt consolidation and/or loan services.

39. Plaintiff is entitled to an award of at least $500 in damages for each such violation (47 U.S.C. § 227(c)(5)(B)), and Plaintiff seeks treble damages, or $1,500 for a knowing or willful violation. 47 U.S.C. § 227(c)(5).

40. Plaintiff also seeks a permanent injunction prohibiting Defendant from making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry.

**<u>SECOND CAUSE OF ACTION</u>**
**Violations of The Texas Bus. & Com. Code § 305.053**
**(<u>On behalf of Plaintiff and the Texas Subclass</u>)**

41. Plaintiff incorporates the foregoing allegations as if set forth herein.

42. The foregoing acts and omissions of Defendant constitutes multiple violations of the Texas Bus. & Com. Code § 305.053, by making non-emergency telemarketing texts to Plaintiff and the class's telephone numbers without their prior express written consent in violation of 47 U.S.C. § 227 et seq.

43. Plaintiff's attorney sent a notice of violation and demand for damages pursuant to the Texas Deceptive Trade Practices Act, Texas Bus. & Com. Code § 17.505(a) to Defendant, but Defendant did not respond.

44. Plaintiff seeks for himself an award of at least $500.00 in damages for each such violation. Texas Bus. & Com. Code 305.053(b).

45. Plaintiff seeks for himself an award of up to $1,500.00 in damages for each such knowing or willful violation pursuant to Texas Bus. & Com. Code § 305.053(c).

**<u>THIRD CAUSE OF ACTION</u>**
**Violations of Texas Bus. & Com. Code 302.101**
**Failure to obtain a Telephone Solicitation Registration Certificate**
**(<u>On behalf of Plaintiff and the Texas Subclass</u>)**

46. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

47. Defendant's agents made solicitation text messages to Plaintiff and the class without having a valid telephone solicitation registration certificate as required under Tex. Bus. Com. Code 302.101.

48. As a result of Defendant's violations of Tex. Bus. and Com. Code 302.101 Plaintiff may seek damages of up to $5,000 for each violation. Tex. Bus. and Com. Code 302.302(a).

49. Plaintiff's attorney sent a notice of violation and demand for damages pursuant to the Texas Deceptive Trade Practices Act, Texas Bus. & Com. Code § 17.505(a) to Defendant, but Defendant did not respond.

50. As a result of Defendant's agents' violations of Tex. Bus. and Com. Code 302.101, Plaintiff seeks all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff ERIK SALAIZ, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing his counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 227(c) of the TCPA, and § 302.101 and § 305.053 of the Texas Bus. & Com. Code;

C. An order declaring that Defendant's conduct was willful and knowing;

D. An award of $1,500 per text in statutory damages arising from § 227(b) for each intentional violation;

E. An award of $1,500 in statutory damages arising from each violation of the Texas Bus. & Com. Code § 305.053;

F. An award of $5,000 in statutory damages arising from each violation of the Texas Bus. & Com. Code § 302.101;

G. An injunction requiring Defendant to cease all unlawful text messages;

H. An award of reasonable attorneys' fees and costs; and

I. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: September 17, 2025 Respectfully submitted,

By: /s/ Mark L. Javitch
Mark L. Javitch (California SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date stated below, the foregoing was filed through the Court's electronic filing system and will be sent electronically to all parties of record via the Court's electronic filing system.

Date: September 17, 2025

/s/ Mark L. Javitch
Mark L. Javitch